# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DIVISION

**MICHAEL ROBBIE KENDALL**                                                            **MOVANT**

**V.**                                                                        **NO.: 3:99CR102-NBB**

**UNITED STATES OF AMERICA**                                                       **RESPONDENT**

## ORDER

Movant has filed three joint motions: "Motion for a Bill of Review," "Motion for Evidentiary Hearing," and "Motion for Appointment of Counsel." Doc. #46. The Government has responded. Doc. #47. Upon due consideration, the Court **ORDERS**:

That Movant's "Motion for a Bill of Review" is properly characterized as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the Clerk is **DIRECTED** to file the motion as such. Because an unsuccessful § 2255 motion might prevent Movant from seeking further review of his sentence, the Court will allow him "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). Therefore, within twenty-one (21) days of the date of this Order, Movant must notify the Court whether he intends to pursue relief pursuant to § 2255, or whether he wishes to withdraw the pleading. Movant is cautioned that failure to comply with this Order will result in the dismissal of his motion.

That Movant's "Motion for Evidentiary Hearing" and "Motion for Appointment of Counsel" are **DENIED** without prejudice. There is no constitutional right to counsel in federal postconviction proceedings. *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. Dec. 28, 2011). Instead, counsel is required to be appointed only if an evidentiary hearing is ordered, or if "the

interests of justice so require." 18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts. The Court finds no reason why the interests of justice would require the appointment of counsel in this case. It further finds that an evidentiary hearing is unnecessary at this stage of proceedings, and it will appoint counsel *sua sponte* if it later determines that an evidentiary hearing is warranted.

**SO ORDERED** this 3rd day of May, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE