**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

MICHAEL ROBBIE KENDALL                                                                  MOVANT

V.                                                                       NO.: 3:99CR102-NBB

UNITED STATES OF AMERICA                                             RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Federal inmate Michael Robbie Kendall ("Kendall") comes before the Court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government has responded to Kendall's claims, and Kendall has filed a reply. Having considered the pleadings and the record, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and the motion should be denied.

**I. Background Facts and Procedural History**

Kendall murdered Devan Lowery in June 1999 by shooting him in the head with a semi-automatic rifle at Puskus Lake in Holly Springs National Forest. Kendall was indicted on two counts: Count One, First Degree Murder, in violation of 18 U.S.C. §§ 7 and 1111; and Count Two, Using a Firearm In Relation to a Crime of Violence which Caused Death, in violation of 18 U.S.C. §§ 924(c) and 924(j)(1). *See* Doc. #1. On July 13, 2000, Kendall pleaded guilty to Counts One and Two of the Indictment. As part of the binding plea agreement, Kendall waived his right to appeal and/or collaterally attack his convictions and/or sentences, and the

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

Government agreed to withdraw its notice of intent to seek the death penalty. Kendall was sentenced to life imprisonment by judgment entered August 16, 2000. *See* Doc. #41. On or about March 19, 2018, Kendall filed the instant § 2255 motion.[2]

## II. Legal Standard

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the judgment was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the judgment; (3) the sentence exceeds the statutory maximum sentence; or (4) the judgment or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## III. Analysis

### A. Timeliness

A motion filed under § 2255 must comply with the statute's one-year period of limitation, which runs from the latest of:

---

[2] Kendall initially filed three joint motions, and the Court ordered Kendall to elect whether to proceed on a § 2255 motion. Kendall chose to proceed on a § 2255 motion, and he added additional claims. *See* Docs. #46, #49, #50, #52-#53.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Kendall did not appeal his conviction, it became final upon the expiration of the period for filing a notice of direct appeal. *See United States v. Plascencia*, 537 F.3d 385 (5th Cir. 2008). Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a defendant in a criminal case must file a notice of appeal, as is relevant here, within 14 days after the entry of judgment. Judgment was entered in Kendall's case on August 16, 2000. Therefore, Kendall's conviction became "final" for purposes of § 2255(f)(1) on August 30, 2000.[3] Accordingly, the one-year limitation period expired on August 30, 2001.

Kendall maintains, however, that the statute of limitations should be tolled due to his innocence. The Supreme Court has held that the statute of limitations may be overcome by a showing of "actual innocence," where the movant presents new, reliable evidence sufficient to persuade the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013) (citation omitted). "The Supreme Court has made it clear that the term actual innocence means *factual*, as opposed to *legal*, innocence." *Johnson v. Hargett*, 978 F.2d 885, 859-60 (5th Cir. 1992) (citation and internal quotation marks omitted) (emphasis in original). Kendall has not shown that he is

---

[3] The exceptions in § 2255(f)(2-4) are inapplicable to Kendall's case.

3

actually innocent of the crimes of conviction, and he is not entitled to use "actual innocence" as a gateway to overcome the statute of limitation in this case.

Because the limitation period in § 2255 is not jurisdictional, it is subject to equitable tolling. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citation omitted). Equitable tolling is permissible, however, only in "rare and exceptional circumstances." *Id*. (citation omitted). In order to establish that equitable tolling is appropriate, the petitioning party must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his § 2255 motion." *Id*. at 365 (citation and internal quotations omitted). A petitioning party's "lack of legal training, ignorance of the law, and unfamiliarity with the legal process" are insufficient reasons to warrant equitable tolling. *Id*. at 365-66 (citations omitted). The Court finds that there are no rare and exceptional circumstances in this case that warrant equitable tolling. Therefore, this action is time barred.

### B. Merits

In the alternative, the Court finds a merits-review of Kendall's motion demonstrates that it should be denied. In his § 2255 motion, Kendall argues that his Indictment improperly charged him with killing two persons, as the inclusion of the word "design" in the Indictment demonstrates that the Government attempted to charge him under the statute's second provision, which creates a separate crime for the death of anyone other than the intended victim. He also alleges that his plea relied on the faulty language of the Indictment in that it failed to contain the essential phrase "premeditated murder," and that, therefore, the Indictment was legally insufficient.

Count One of Kendall's Indictment charged:

On or about June 8, 1999, in the Northern District of Mississippi, at Puskus Lake in the Holly Springs National Forest, a place within the special territorial jurisdiction of the United States, MICHAEL ROBBIE KENDALL, defendant herein, did with malice aforethought unlawfully kill and murder Devan Lowery, a

4

human being, and he did so with willful, deliberate, malicious and premeditated design by shooting Devan Lowery in the head with a .22 caliber semi-automatic rifle; in violation of Title 18, United States Code, Sections 7 and 1111.

Doc. #1.

At the time Kendall was indicted and convicted, 18 U.S.C. § 1111(a) read as follows:

Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

18 U.S.C.A. § 1111.

Kendall first argues that as the Indictment fails to use the phrase "premeditated murder," it is legally insufficient to charge him with First Degree Murder. However, the Fifth Circuit has held that "[t]he validity of an indictment is governed by practical, not technical considerations, and the basic purpose behind an indictment is to inform a defendant of the charge against him. An indictment is legally sufficient if (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018) (internal citations and quotation marks omitted).

The Court notes that the phrase "premeditated murder" is not an exact phrase lifted from the elements of § 1111. Neither is it listed as an element in the Fifth Circuit Pattern Jury Instruction 2.52A setting forth the requirements for a charge of First Degree Murder. Comparing Count One of the Indictment with the relevant Fifth Circuit Pattern Jury Instruction, the elements of both require: (1) an unlawful killing; (2) with malice aforethought; (3) with premeditation;

5

and (4) in the territorial jurisdiction of the United States.  Instruction 2.52A — Murder (First Degree), 18 U.S.C. § 1111 (2015); Doc. #1.  Accordingly, Kendall's Indictment included the necessary elements under the statute, and it was legally sufficient to charge Kendall with First Degree Murder.

Second, Kendall argues that § 1111(a) sets forth two crimes, and that his Indictment charged him with an incorrect crime, in that the last circumstance described as First Degree Murder by § 1111(a) states that the murder is "perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed." 18 U.S.C. § 1111(a).  However, this last phrase in § 1111(a) describes an alternative way to commit the same crime of First Degree Murder, in which the perpetrator is penalized for actions that cause the death of anyone other than the intended victim.  Kendall was not charged with this method of murder, and the Indictment is clear that Kendall was charged only with killing the individual he shot in the head.  Regardless, the phrase still describes First Degree Murder, a crime for which Kendall was unquestionably charged.  The use of the word "design" may have been unnecessary to describe the circumstance by which Kendall committed murder, but the use of that word does not invalidate the otherwise competent Indictment.  *See, e.g., United States v. Valencia*, 600 F.3d 389, 432 (5th Cir. 2010) ("We treat the allegation of additional facts beyond those which comprise the elements of the crime as 'mere surplusage.'") (citation omitted); *United States v. Fairley*, 880 F.3d at 207 (holding "an indictment need not precisely track statutory language" if otherwise competent).

Third, giving Kendall's allegations a liberal construction, he asserts that his guilty plea is invalid, as the absence of the phrase "premeditated murder" in the Indictment renders the plea unintelligently given.  A guilty plea is valid when made voluntarily and intelligently.  *Brady v. United States*, 397 U.S. 742, 748 (1970).  The United States Supreme Court has held that "a plea

does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 344 (1941)). Here, Kendall received "real notice of the true nature of the charge against him" by copy of the Indictment, which the Court has found legally sufficient to charge him with First Degree Murder. Therefore, Kendall's plea was valid absent the phrase "premeditated murder" in the Indictment.

Next, Kendall argues that counsel rendered ineffective assistance pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984) in failing to recognize the alleged deficiency in his Indictment. However, counsel is not required to make futile objections or motions. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Inasmuch as any objection to the Indictment as legally insufficient is frivolous, counsel cannot have rendered ineffective assistance for failing to raise the issue.

Finally, Kendall maintains that the Supreme Court decisions in *Johnson* and *Dimaya* require that his conviction for using a firearm to murder the victim be vacated. In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act defining "violent felony" is constitutionally invalid. *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Sessions v. Dimaya*, a similar provision defining "crime of violence" in 18 U.S.C. § 16(b) was held constitutionally infirm. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

Under 18 U.S.C. § 924(c), it is a federal offense to use or carry a firearm during and in relation to a crime of violence, or to possess a firearm in furtherance of a crime of violence. The statute defines "crime of violence" as a federal felony that:

> A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The elements of First Degree Murder describe "a felony. . . that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). It is clear that Kendall, by shooting the victim in the head with a rifle, committed a violent murder under the elements clause of the statute. Neither *Johnson* nor *Dimaya* invalidated the elements clauses of the statutes at issue in those cases. Accordingly, Kendall is not entitled to § 2255 relief on the basis of *Johnson* or *Dimaya*.

## IV. Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Kendall must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in § 2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V. Conclusion

For the reasons set forth above, Kendall's § 2255 motion [50] is **DENIED**, and a COA from this decision is **DENIED**. A final judgment consistent with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this 30th day of August, 2018.

                                      /s/ Neal Biggers
                                    **SENIOR U.S. DISTRICT JUDGE**