IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. NO. 3:99-CR-102

MICHAEL ROBBIE KENDALL

### ORDER

Michael Robbie Kendall pled guilty to one count of murder and one count of using a firearm in relation to a crime of violence which caused death, for which on August 15, 2000, United States District Judge Neal Biggers[1] sentenced him to, respectively, life imprisonment and 365 months of imprisonment, to run concurrently.  Doc. #41.  Over twenty years later, on or about October 5, 2020, Kendall filed a pro se "Motion to Take Judicial Notice Rules of Evidence 201(d) in Light of Government's Brief Doc # Filed 08-31-2020 Page 2 Relevant Background Which Voids and Nulls the Original Grand Juries Indictment: Pro Se Review."  Doc. #71.  Kendall asks the Court to "take Judicial Notice … of the Government's Statement of the Case charging the elements of the evidence," which Kendall says he "was put on Notice of the facts on or about the 1st week of September 2020."  *Id.* at 1.

The only filing by the government on "08-31-2020" which Kendall could have received "on or about the 1st week of September 2020" is the government's response to Kendall's August 28, 2020, motion for compassionate release.  Docs. #68, #69.  Because with respect to his motion for compassionate release Kendall is represented by counsel[2] and because, absent circumstances

---

[1] Judge Biggers presided over this case until August 14, 2023, when this case was reassigned to the undersigned district judge.  Doc. #75.

[2] The Federal Public Defender was appointed to represent Kendall pursuant to a standing order then in effect in this district.  Doc. #67.

inapplicable here, a defendant is not entitled to hybrid representation—to represent himself while represented by counsel[3]—Kendall's pro se motion [71] is **STRICKEN**. *See United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010) (defendant has no constitutional right to hybrid representation); *United States v. Young*, 99 F.3d 1135, 1996 WL 595643, at *1 (5th Cir. 1996) (unpublished table decision) ("This brief is stricken from the record because it constitutes hybrid representation.").[4]

**SO ORDERED**, this 2nd day of January, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978).

[4] *See also United States v. Powdrill*, No. 23-10182, 2020 U.S. App. LEXIS, at *2 (5th Cir. Oct. 27, 2023) (defendant "is not entitled to hybrid representation by counsel and partly by himself, whether constitutionally, … or statutorily") (internal citation omitted).

2